This case comes before the court on defendant’s motion to dismiss on the ground that plaintiff’s petition fails to state a claim upon which relief may be granted. After consideration of the briefs but. without oral argument, we grant defendant’s motion and dismiss the petition.
Plaintiff entered into a negotiated follow-on contract on October 1, 1977, with the then Department of Health, Education and Welfare to supply certain drugs to eligible Alaskan natives. This contract was modified (denominated "modification 4”) and was effective through September 1978. Modification 4 provided that plaintiffs reimbursement would be based on one of the following formulas, whichever was the least:
1. The maximum allowable cost (MAC) of the drug, if any, plus a dispensing (professional) fee of $5.00.
2. The acquisition cost of the drug as determined by the Blue Book plus a dispensing (professional) fee of $5.00.
3. The provider’s usual and customary charge to the public for the drug; provided that:
(a) The MAC established for any drug shall not apply to a brand of that drug prescribed for a patient which the prescriber has certified in his own handwriting is medically necessary for that patient; and provided that:
(b) Where compensation for drug dispensing is included in some other amount payable to the provider by the reimbursing or paying program agency a separate dispensing fee will not be recognized.
Plaintiff was paid under this formula (receiving a $5 dispensing fee). Plaintiff now argues this $5 dispensing fee is an unreasonably small amount and it is entitled to more compensation than that provided for in the contractual formula by virtue of 45 C.F.R. § 19.3(a)(2).[1]
*708 In all, plaintiff bases its claim on 45 C.F.R. Part 19, the statutory authority for such regulations, and the Fifth and Fourteenth Amendments to the Constitution. The asserted constitutional violation rests on the claim that plaintiff received discriminatory treatment because other pharmacies located in areas having lower costs of living were paid more than plaintiff. As a part of this constitutional argument, plaintiff also asserts entitlement under 45 C.F.R. Part 19 and its enabling legislation.[2]
Plaintiff brought a claim before the Armed Sendees Board of Contract Appeals allegedly pursuant to the disputes clause of the contract. This claim was dismissed as one not properly before the Board.
We find no authority entitling plaintiff to additional compensation. Although plaintiff claims 45 C.F.R. Part 19 mandates a higher rate of compensation be paid contractors such as plaintiff, we do not agree. We feel the regulation on its face reveals that plaintiff is entitled to no award. 45 C.F.R. § 19.1(c) provides:
This Part does not establish procedures for fixing the actual amount of reimbursement to which providers will be entitled for dispensing drugs. Rather, it establishes procedures for setting a limit on what the individual program regulations and policies might otherwise provide. If the authorizing legislation for a particular program, or the program regulation or policies adopted or issued under that legislation, provides for a lower rate of reimbursement than this regulation permits, then the program reimbursement rate, being lower, will necessarily control the actual payment.
Thus these regulations, at most, established the upper limits of the reimbursement allowed plaintiff. Clearly, a *709 program may provide a lower rate, Id. Hence, we find plaintiffs reimbursement under the terms of the contract was not at odds with 45 C.F.R. Part 19 or, specifically, 45 C.F.R. § 19.3(a)(2).
We also hold that the asserted constitutional violations are not within our jurisdiction under 28 U.S.C. § 1491. We have no such jurisdiction absent a statute mandating entitlement to an award for such a violation. Eastport S.S. Co. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967) Carruth v. United States, 224 Ct. Cl. 422, 627 F. 2d 1068 (1980); Walton v. United States, 213 Ct. Cl. 755 (1977). Plaintiff would have us find that 42 U.S.C. §§ 1395f(b) and 1395x(v)(1)(A)[3] entitle it to a recovery under a constitutional theory. We, however, find those sections do not give rise to constitutional rights against the type of discrimination claimed by plaintiff.
Accordingly, neither the statutes, regulations, nor constitutional arguments relied on by plaintiff grant it the relief it seeks.
it is therefore ordered that the defendant’s motion to dismiss is granted and the petition is hereby dismissed.

 45 C.F.R. § 19.3 provides:
"§ 19.3 Cost limitation.
"(a) The amount which the Department will recognize for reimbursement or payment purposes for any drug used in the programs or activities described in § 19.1 shall not exceed the lowest of:
"(1) The maximum allowable cost (MAO of the drug, if any, established in accordance with § 19.6 plus a reasonable dispensing fee;
"(2) The acquisition cost of the drug plus a reasonable dispensing fee; or
"(3) The provider’s usual and customary charge to the public for the drug; Provided, That: The MAC established for any drug shall not apply to a brand of that drug *708 prescribed for a patient which the prescriber has certified in his own handwriting is medically necessary for that patient; and provided further, That: Where compensation for drug dispensing is included in some other amount payable to the provider by the reimbursing or paying program agency, a separate dispensing fee will not be recognized.
"(b) Each program agency shall estimate the acquisition cost of each drug for which it reimburses or pays a provider. Such estimate should be consistent with any drag price information furnished the program agency by the Department.” [Emphasis supplied.]
Plaintiff asserts that modification 4 is based on 45 C.F.R. § 19.3(aX2), which requires a reasonable dispensing fee be provided.

 Plaintiff no longer claims damages for being "unable to renew” the contract after September 30, 1978.

 The language of the relevant statutes relied-on by plaintiff is as follows:
42 U.S.C. § 1395f(b):
"The amount paid to any provider of services with respect to services for which payment may be made under this part shall, subject to the provisions of section 1395e of this title, be—
"(1) the lesser of (A) the reasonable cost of such services, as determined under section 1395x(v) of this title and as further limited by section 1395rr(bX2XB) of this title, or (B) the customary charges with respect to such services * *
42 U.S.C. § 1395x(v)(1)(A) (in part):
"Such regulations shall * * * (ii) provide for the making of suitable retroactive corrective adjustments where, for a provider of services for any fiscal period, the aggregate reimbursement produced by the methods of determining costs proves to be either inadequate or excessive.”